IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**MICHAEL ANTHONY MCDADE, # 47724**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 4:09-cv-156-HTW-LRA**

**ROY MASSIE, et al.**  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff McDade is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Wilkinson County Correctional Facility, Woodville, Mississippi, who has filed this *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. Upon review of the Court record, the Court has reached the following conclusions.

Background

Plaintiff states that he was arrested on October 1, 2008, for armed robbery. *Comp.* [1], p. 4. Plaintiff further alleges that he was falsely arrested without probable cause. *Comp*. [1], p. 6. This Court entered an order [12] on February 5, 2010, directing Plaintiff to provide information regarding the specific Defendants and his conviction. Plaintiff filed a response [14] on March 1, 2010 which states that he pleaded guilty to armed robbery on November 30, 2009. *Resp.* [14], p. 3. Plaintiff alleges that he was persuaded by his court appointed attorney as well as his family to enter the guilty plea. *Resp.* [14], p. 3. Plaintiff then filed a motion to withdraw his guilty plea on December 29, 2009, in Lauderdale County Circuit Court. *Id.* Plaintiff asserts that he has not received a response regarding his motion. *Id.* As relief, Plaintiff is requesting monetary damages, that his property which was taken during arrest be returned to him and dismissal of the armed robbery conviction. *Comp.* [1], p. 4.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); and *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an *in forma pauperis* proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 501 U.S. 1235 (1991). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Parker v. Carpenter*, 978 F.2d 190, 191 n.1 (5th Cir. 1992); *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992); *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* As discussed below, the Plaintiff cannot maintain

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from
        such relief.

this action pursuant to Title 42 U.S.C. § 1983 against the named Defendants.

## Claims

Initially, this court must decide whether Plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to Title 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)(citing *Cook v. Texas Dept. of Crim. Just. Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994)). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)). If Plaintiff's claims are proven and this Court grants the requested relief, it would result in Plaintiff receiving an early release from custody. With this in mind, this Court has determined that Plaintiff must first pursue this cause by filing a petition for habeas corpus relief.

Before Plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983). Since the Plaintiff does not allege that he has presented this claim to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Therefore, this complaint will not be liberally construed as a petition for habeas corpus relief but instead it will be dismissed.

To the extent Plaintiff is seeking monetary damages, this Court finds that Plaintiff's claims are precluded by the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court addressed whether a claim for monetary damages which essentially challenges

plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 486-87 (footnotes omitted); *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the Court were to find in Plaintiff's favor and determine that his constitutional rights were violated by the Defendant's alleged actions, it would necessarily imply the invalidity of his current confinement. Thus, Plaintiff's claims for monetary damages are barred by *Heck v. Humphrey*, at this time. In addition, the Plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 487.

As to Plaintiff's claim that his property was taken during arrest and requests that it be returned, it is well settled that intentional deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate post deprivation remedies exist. *Hudson v. Palmer*, 468 U.S. 517 (1984). *See also Combs v. City of Dallas*, 289 Fed. Appx. 684,687 (5th Cir. 2008)(held that failure to return personal property confiscated by officers

during arrest does not implicate a due process violation where the state provides a meaningful post deprivation remedy). This holds equally true for claims of negligent deprivation. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986). State law may provide an adequate post deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Marshall v. Norwood*, 741 F.2d 761, 763 (5th Cir. 1984). The State of Mississippi provides at least three post-seizure remedies, including actions for conversion, claim and delivery, and replevin, any of which Plaintiff can use to recover the property he insists was wrongfully taken from him. Further, it has been held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Since the State of Mississippi affords Plaintiff an adequate post deprivation remedy for the alleged loss or deprivation of his personal property, no due process violation exists and the Plaintiff's assertion that the Defendants have violated his constitutional rights is found to be without merit. Therefore, for the aforementioned reasons, this cause of action filed pursuant to § 1983 will be dismissed.

## Conclusion

As discussed above, the Plaintiff has failed to present an arguable constitutional claim in law or fact in order to maintain this particular cause of action against the named Defendants. Consequently, this complaint will be dismissed as for failure to state a claim pursuant to Title 28 U.S.C. Section 1915(e)(2)(B)(ii), with prejudice. To the extent that Plaintiff is seeking habeas relief his claims are dismissed without prejudice.

## Three-strikes provision

Since this case is dismissed pursuant to the above mentioned provision of the Prison

Litigation Reform Act, it will be counted as a "strike".[2] If the Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this 27th day of April, 2010.

> s/ HENRY T. WINGATE
> CHIEF JUDGE
> UNITED STATES DISTRICT COURT

---

[2] Title 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."